## MAULE *v.* SHAFFER.

On appeal from the Nisi Prius, executors not bound to give security.

CERTIFICATE from the Nisi Prius.

*April* 19.—The action was originally against Weaver, on whose death the present defendants were substituted as executors. Judgment having been entered for plaintiff, defendants appealed.

*Hopkins* moved to quash the appeal, for want of security. The Nisi Prius act makes no difference in regard to the capacity of the parties sued. A special provision was required in writs of error, but here costs are required in all cases. Dawson *v.* Ryan, 4 Watts & Serg. 403.

*St. Geo. Campbell,* contrà.—The estate is insolvent if this judgment stands, hence it is impossible to have a review on these terms. It will be the only instance known to our law that executors are compelled to subject themselves to such a risk. A question similar in principle was decided in Seibert *v.* Hocker, 1 Miles, 263, that executors are not bound to file an affidavit of defence.

*Williams,* contrà.—Writs of error and appeals are of statutory, not common right, and the terms on which they are to be enjoyed apply to all cases but those specially excepted. Dawson *v.* Ryan shows the affidavit and the recognisance are in the same category; if the latter is not required, neither is the former. Though the act says appeals shall be allowed in the same manner, yet the subsequent clause prescribing the *terms* shows this only applies to the *cases* in which it is allowed.

*May* 2. KENNEDY, J.—This cause was brought into this court by an appeal, taken by the defendants, Shaffer and Warner, as the executors of Thomas Warner, deceased, from a judgment rendered against them as executors, by the court of Nisi Prius of the city and county of Philadelphia, without giving " security, with two sureties, by recognisance, for the absolute payment of all damages and costs, in case the proceedings should not be affirmed in the manner then practised and allowed in cases of writs of error, to the courts of Common Pleas of this state." Because no such security has been given, it has been moved on behalf of the plaintiff, and a rule obtained to show cause why this appeal should not be quashed. This motion is alleged to be founded upon the 6th section of the act of the 26th of July, 1842, Pamph. Laws, p. 431, 432, which directs, among other things, that the party

appealing shall give "absolute security, with two sureties, by recognisance, for the payment of all damages and costs, in case the proceedings shall be affirmed in the manner now practised and allowed in cases of writs of error, to the courts of Common Pleas of this state." By this section of the act an appeal is allowed to be taken by either party to the Supreme Court, in place of, and as a substitute for a writ of error, to bring up for review a judgment of any of the courts of Common Pleas. And the words contained in the section "in the manner now practised and allowed in cases of writs of error, to the courts of Common Pleas of this state," may be regarded as throwing some light on the question, whether it was intended that, if an execuitor or administrator appealed from a judgment of the court of Nisi Prius, he should give the security therein mentioned. If we refer to the law relative to the issuing of a writ of error from the Supreme Court to a court of the Common Pleas, the 7th section of the act of 16th of June, 1836, directs that an "execution shall not be stayed upon any judgment in any civil action or proceeding, by reason of any writ of error from the Supreme Court to any court of this Commonwealth, unless the plaintiff, in such writ, or some one on his behalf, with sufficient sureties, shall become bound by recognisance, to the party in whose favour such judgment shall be given, with condition to prosecute such writ of error with effect, and if the judgment be affirmed, or the writ of error be discontinued, or non-prossed, to pay the debt, damages and costs (as the case may be) adjudged, accruing upon such judgment, and all other damages and costs that may be awarded upon such writ of error." But by the 8th, the following section of the same act, it is expressly provided, "that the preceding section shall not extend to any writ of error brought by an executor or administrator, or by any guardian in behalf of his ward, or by any other person suing or defending in a representative character." Whether the legislature had the sections of the act of the 16th of June, 1836, just referred to, in their view or not, at the time they gave the right of appeal from a judgment of the court of Nisi Prius, we feel satisfied that they could never have intended to require of an executor or administrator, that he should give security for the payment of all damages and costs, in case the proceeding should be affirmed. It would be most highly unjust and unreasonable to require such security of an executor or administrator, who may have no assets of the estate in his hands, wherewith to pay the damages and costs, which he might be bound to do, were he suing or defending in his own right. The inevitable consequence would be, almost in every case where a judgment shall be rendered against an executor or administrator as such, though highly unjust and

illegal, that it would have to be submitted to, and have to be paid, sooner or later, if assets belonging to the estate of the decedent should ever come to the hands of the executor or administrator sufficient to pay it. It would, in effect, deprive those interested in preserving the estates of deceased persons, and entitled to the benefit of the same, of having judicial decisions made against such estates reviewed, and, if erroneous, reversed or corrected—a right or privilege which every citizen is entitled to claim.

The rule is therefore discharged.